

Viktoriya Ilina
Reg. # 24973-050
Federal Correctional
Institution Danbury
Route 37
Danbury, CT 06811
Plaintiff, pro se

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO TITLE 28 U.S.C. §2241

Viktoriya Ilina,
    Plaintiff,

vs.

Donna Zickefoose - in her official capacity as Warden of Federal Correctional Institution Danbury;
Bonnie Ritter - in her official capacity as Medical Director of Health Services Administration of Federal Correctional Institution Danbury;
Robert Greene - in his official capacity as Gynecologist of Federal Correctional Institution Danbury.
    Defendants,

Case No. _____

COMES NOW, Viktoriya Ilina, Plaintiff, pro se, and for her cause of action, states the following:

1. That the Plaintiff is an incarcerated inmate confined at the Federal Correctional Institution Danbury, Danbury, CT.

2. Defendants Donna Zickefoose, Bonnie Ritter, and Robert Greene were, at all times, relevant hereto, employees of the U.S. Department of Justice, Bureau of Prisons, with their official duty station at the Federal Correctional Institution Danbury, Danbury, CT.

3. This Court has jurisdiction of this matter by virtue of 28 U.S.C.§2241, 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3). Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

4. This court has Jurisdiction of this matter in that the cause of action involves federal officials acting under color of legal authority.

5. Plaintiff Viktoriya Ilina exhausted all Administrative Remedies available for an inmate.

   A. Plaintiff Viktoriya Ilina used the prisoner grievance procedure available at FCI Danbury to try and solve the problem informally. On April 19, 2007 Plaintiff Viktoriya Ilina presented the facts relating to this matter. On April 24, 2007 Plaintiff Viktoriya Ilina was sent a response saying that the informal grievance had been denied.

   B. On May 5, 2007 she appealed the informal grievance and presented the Administrative Remedy to the Warden. On May 7, 2007 Plaintiff Viktoriya Ilina was sent a response saying that Administrative Remedy had been denied.

   C. On May 9, 2007 Plaintiff Viktoriya Ilina appealed the denial of the Administrative Remedy through the Regional Administrative Remedy Appeal. On May 16, 2007 Plaintiff Viktoriya Ilina was sent a response saying that the appeal had been denied.

   D. On June 9, 2007 she appealed the denial of Regional Administrative Remedy Appeal. She sent Administrative Remedy Appeal to Central Office. On June 29, 2007 Plaintiff Viktoriya Ilina was sent a response saying that the Central Office Administrative Remedy Appeal had been denied.

Count I

1. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5 of the Jurisdictional Statement as though the same were fully set forth within.

2. Beginning on or about April 17, 2007, and continuing up to and including August 9, 2007, the Defendants and each of them, did combine, conspire together and with others, to punish the Plaintiff by depriving Plaintiff of the clinically necessary medication, in violation of her constitutional rights.

3. At all times relevant heretofore, Plaintiff is being held in custody in violation of the Constitution. The Eighth Amendment protects her right to medical care. Plaintiff's right to adequate medical care has been violated.

4. At all times relevant hereto, the Defendants, and each of them, in discharging their discretionary duties were acting under color of law, and in furtherance of the conspiracy, did commit the following acts:

A. Plaintiff has the innate pathology in production of female sexual hormones. Her organism does not produce enough hormones in order to have a menstrual cycle, which is an important and inalienable part of normal functioning of female organism.

B. Innate deficiency of female sexual hormones is considered to be a serious medical problem. It affects not only the female sexual system, but the endocrine system and the functioning of the entire organism.

C. When Plaintiff was a teenager, she had a dysmenorrhea and even prolonged periods of amenorrhea. Plaintiff was carefully examined by different doctors and various tests were made. Based on the results of those tests and the opinions of highly professional and knowledgeable professors of medicine, Plaintiff's gynecologist-endocrinologist prescribed her a hormonal treatment. Plaintiff has received this hormonal treatment in a form of low dose birth control pill since she was 21 years old until April 17, 2007, when Plaintiff was denied to continue her hormo-

nal treatment by Defendant Dr. Greene - prison gynecologist of FCI Danbury.

D. Plaintiff's probation officer requested all Plaintiff's medical records, including the letter of recommendation to continue her hormonal treatment in prison (see Exhibit A), from Plaintiff's private gynecologist - Dr. Kilinsky M.D.. All of the information above has been included in Plaintiff's Pre-sentence Report. Dr. Kilinsky has treated Plaintiff's Oligomenorrhea and Menorrhagia since 1997.

E. On September 18, 2006 Plaintiff self-surrendered to Federal Medical Center Carswell. She continued to receive her hormonal treatment for Oligomenorrhea and Menorrhagia in FMC Carswell from the first day of Plaintiff's arrival in FMC Carswell in accordance with her prior gynecologist's recommendation.

F. On November 13, 2006 Plaintiff was transferred from FMC Carswell to Federal Correctional Institution Danbury. Plaintiff continued to receive her hormonal treatment in FCI Danbury for six months with prison gynecologist - Defendant Dr. Greene's consent.

G. On April 17, 2007 Plaintiff went to see Physician Assistant Mr. De La Cruz in order to get the refill of her hormonal medicine. Mr. De La Cruz told Plaintiff that he cannot give her the refill of this medication before he consults with the prison gynecologist - Defendant Dr. Greene. Mr. De La Cruz spoke with Defendant Dr. Greene in Plaintiff's absence while Plaintiff was standing outside of Mr. De La Cruz's office. After this two-minute consultation, Defendant Dr. Greene left and Mr. De La Cruz told Plaintiff that she will not get her hormonal treatment anymore according to Defendant Dr. Greene's decision.

H. Immediately after that, Plaintiff tried to talk to Defendant Dr. Greene. Plaintiff went to Defendant Dr. Greene's office and knocked on the door. Defendant Dr. Greene did not allow Plaintiff to come into the office and talked to her through the narrow slit.

I. Plaintiff told Defendant Dr. Greene that she has been taking low dose birth control pill as a replacement therapy for Plaintiff's innate deficiency of female sexual hormones. Plaintiff told Defendant that without this low dose birth control pill Plaintiff will not have her menstrual cycle (Amenorrhea) and it will entail serious complications, such as: endometrial hyper plasia, extreme pain in the uterus, and even profuse bleeding. Defendant Dr. Greene expressed his awareness of the consequences of an abrupt discontinuation of the hormonal treatment. Defendant Dr. Greene understood that Plaintiff's health will decrease without hormonal medication.

J. When Plaintiff emphasized that she will not have menstruation without low dose birth control pill, Defendant Dr. Greene replied "In your age you do not need to have a period at all!"

K. Plaintiff was shocked by Defendant Dr. Greene's answer! The decision to deny Plaintiff's request for further treatment that Defendant Dr. Greene has made was intentionally wrong and was not derived from sound medical judgment. Defendant refused to give Plaintiff the refill of her hormonal medication, which is absolutely clinically necessary for her health despite his knowledge of substantial risk of serious harm for Plaintiff's health.

L. Defendant Dr. Greene's remark that in Plaintiff's age she does not need a menstrual cycle at all is very unethical and unprofessional. Plaintiff is only 43 years old. She will be released from prison in two years, and she is planning to have another child. It is not in Defendant Dr. Greene's discretion to decide whether Plaintiff needs to have her regular menstrual cycle or not. It is in the best interests of every woman to have her regular menstrual cycle. Defendant Dr. Greene's decision to discontinue Plaintiff's hormonal treatment has put Plaintiff's health in great risk. As a result of the denial of further hormonal treatment of Oligomenorrhea and Menorrhagia, Plaintiff has been suffering from a new medical condition - Amenorrhea

for 4 months, as well as from severe and prolonged pain in the uterus.

M. Prison doctor may not interfere with or fail to carry out the treatment that was prescribed for Plaintiff previously by her prior doctor (White v. Napoleon 897 F. 2d 103) (prison doctor ignored instructions of inmate's prior physician regarding treatment of chronic ear infection). Such conduct amounts to deliberate indifference. Prison doctor - Defendant Dr. Greene may not substitute his judgement for that of a specialist - Plaintiff's gynecologist Dr. Kilinsky, who has treated Plaintiff for more than 10 years in the USA. Dr. Kilinsky prescribed low dose birth control pill for Plaintiff and recommended to continue this treatment in prison.

N. Defendant Bonnie Ritter is the Medical Director of Health Services Administration of FCI Danbury. She is legally responsible for supervising the Medical Department, including Medical Staff.

O. Defendant Ms. Ritter reviewed Plaintiff's informal grievance and denied to continue Plaintiff's hormonal treatment, which was recommended by Plaintiff's prior physician.

P. Defendant Donna Zickefoose is the Warden of FCI Danbury. She is legally responsible for the operation of FCI Danbury and for the welfare of all inmates of that prison.

Q. Defendant Ms. Zickefoose reviewed Plaintiff's Administrative Remedy and adopted Defendant's Dr. Greene - prison gynecologist and Defendant's Ms. Ritter - Medical Director denial of Plaintiff's clinically necessary hormonal treatment.

R. The Court has a right to punish Plaintiff for violating the law by imprisoning Plaintiff. Prison officials do not have a right to punish Plaintiff further, while Plaintiff is incarcerated, by depriving Plaintiff of medication that is clinically necessary for Plaintiff's health.

S. The Supreme Court wrote that the Constitution prohibits officials from "intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-105. According to the Supreme Court, Defendants Greene, Ritter, and Zickefoose violated the Constitution when they intentionally interfered with the prescribed treatment.

5. As a direct and proximate result of the acts of the Defendant(s), and each of them, the Plaintiff's medical condition has deteriorated. Presently, Plaintiff is suffering from the absence of her menstruation (Amenorrhea) for 4 months, which has led to prolonged and extreme pain in the uterus. Amenorrhea without treatment with hormonal medication can cause the development of new medical condition and complications, such as an overgrowth of inner lining of the uterus (endometrial hyperplasia) or even profuse bleeding. Plaintiff lost her natural rest and sleep. She has been suffering emotional trauma, anxiety, and depression.

6. Defendants Greene, Ritter, and Zickefoose's deliberate indifference to Plaintiff's serious medical needs violated Plaintiff's right, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

7. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants the injunctive relief which Plaintiff seeks.


WHEREFORE, Plaintiff respectfully prays that this Court:
    1. Grant the writ of habeas corpus;
    2. Enter preliminary and permanent injunctions ordering Defendants Zickefoose, Ritter, Greene, their successors, agents, employees, and all persons acting in concert with them

to continue the Plaintiff's treatment of Oligomenorrhea, Menorrhagia, and Amenorrhea with Orthotricyclen or equivalent low dose birth control pill.

Respectfully submitted this 9th day of August, 2007.

*Victoria Ilina*
Viktoriya Ilina
Reg. # 24973-050
Federal Correctional
Institution Danbury
Route 37
Danbury, CT 06811

**EXHIBIT A**

**OB-GYN Associates of Englewood, P.A.**                                VLADIMIR KILINSKY, M.D.

August 14, 2006

Re: Victoria Ilina

To Whom It May Concern:

Victoria Ilina is currently under my care for the treatment of amenorrhea and abnormal pap smears. In order to regulate her cycle, I prescribed Orthotricyclen in 1997. I have also been doing pap smears every three months. The most recent was obtained today.

I recommend repeating pap smears every three months times one year. If negative, then every six months.

If any additional information is needed, please do not hesitate to contact me. Thank you.

Sincerely,

Vladimir Kilinsky, M.D.

# OB-GYN Associates of Englewood, P.A.

VLADIMIR KILINSKY, M.D.

May 2, 2007

Re: Victoria Ilina

To Whom It May Concern:

Victoria Ilina is currently under my care for the treatment of Oligomenorrhea and Menorrhagia. In order to regulate her cycles, I prescribed Orthotricyclen in 1997. Her cycle was well controlled on it. I feel that it is medically necessary to keep her on a low dose birth control pill.

If any additional information is needed, please do not hesitate to contact me. Thank you.

Sincerely,

Vladimir Kilinsky, M.D.

**ATTESTATION**

UNITED STATES DISTRICT COURT    )
DISTRICT OF CONNECTICUT         ) ss.

COMES NOW, Viktoriya Ilina, the Plaintiff in the above entitled action, and states under her oath and under the pains and penalties of perjury that the allegation contained in the foregoing complaint wherein she is the Plaintiff and Zickefoose, Ritter, and Greene, etc., are joined as Defendants, are the truth according to her best knowledge, information, and belief.

IN WITNESS WHEREOF, she signed her name hereto this 9th day of August, 2007.

*Victoria Ilina*

Viktoriya Ilina
Plaintiff, pro se